GLENN O'CONNOR, B-71820
Name and Prisoner Booking Number

MULE CREEK STATE PRISON
Place of Confinement

PO BOX 409090
Mailing Address

IONE, CA. 95640
City, State, Zip Code

FILED
Apr 18, 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN O'CONNOR,
(Full Name of Plaintiff)
Plaintiff,

(1) CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR),
(Full Name of Defendant)
(2) J. LIZARRAGA
(3) B. HOLMES
(4) J. WEISS
Defendant(s).
☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:19-cv-0658 KJN (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)
   ☐ Other: _____

2. Institution/city where violation occurred: MULE CREEK STATE PRISON (MCSP)

Revised 3/15/2016                    1

DEFENDANT'S NAMES
continued

R. BROCKEN BOROUGH,

D. BOYD,

T. MANNING

Complaint    1A

## B. DEFENDANTS

1. Name of first Defendant: __CDCR (Gov't. Agency)__. The first Defendant is employed as:
   _____ at _____.
   (Position and Title)                                    (Institution)

2. Name of second Defendant: __J. LIZARRAGA__. The second Defendant is employed as:
   __WARDEN__ at __MCSP__.
   (Position and Title)                                    (Institution)

3. Name of third Defendant: __B. HOLMES__. The third Defendant is employed as:
   __CHIEF DEPUTY WARDEN__ at __MCSP__.
   (Position and Title)                                    (Institution)

4. Name of fourth Defendant: __J. WEISS__. The fourth Defendant is employed as:
   __ASSOCIATE WARDEN__ at __MCSP__.
   (Position and Title)                                    (Institution)

   MORE →

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? __2__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __GLENN O'CONNOR__ v. __VARIOUS PRISON STAFF (NAMES UNKNOWN)__
      2. Court and case number: __unknown    some 35 years ago__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __No — dismissed, failure to prosecute__

   b. Second prior lawsuit:
      1. Parties: __GLENN O'CONNOR__ v. __W. PEREZ, et. al.__
      2. Court and case number: __US DIST COURT, EASTERN DIST CALIF, # 2:18-cv-1057 DB (PC)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __still pending__

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

# DEFENDANTS EMPLOYMENT
## Continued

R. BROCKENBOROUGH IS EMPLOYED AS THE CHIEF EXECUTIVE OFFICER AT MCSP.

D. BOYD IS EMPLOYED AS A CORRECTIONAL COUNSELOR II AT MCSP.

T. MANNING IS EMPLOYED AS A CORRECTIONAL SERGEANT AT MCSP.

Complaint    2A

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>Eighth Amendment of the U.S. Constitution</u>

2. Claim I. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Plaintiff has difficulty writing due to severe illness.

   DIFFICULT TO WRITE IN THIS SPACE. (Myopia)

   PLEASE SEE "CLAIM I".

   Please note that plaintiff tends to write larger because he suffers from eye disease (myopia) and can barely see text even with glasses on. This will account also for plaintiff's consistently poor handwriting for which he begs the court's forbearance.

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).

   AS ABOVE

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: _Fourteenth Amendment of the U.S. Constitution_

2. Claim II. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: _DUE PROCESS_

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   _Please See "Overview," CLAIM II_

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   _Please See "Overview," CLAIM II_

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: *Fourteenth Amendment to U.S. Constitution*

2. Claim III. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   *Please see "Overview", Claim III*

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).

   *Please see "Overview", Claim III*

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking:
Against defendant CDCR, injunctive relief that defendants provide electrical power continuously for plaintiff's CPAP machine. Against defendants LIZARRAGA, HOLMES, WEISS, MANNING, BOYD and BRICKEN-BURGETT, seek monetary damages both compensatory and punitive. Plaintiff has no measure of damages and will leave that to the court or jury, but feels nominal damages should not apply. If amounts are needed here, $10,000.00 compensatory from each (non-CDCR) defendant, punitive damages of $30,000.00 from each (non-CDCR) defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __4-18-19__
DATE

_Glenn O'Connor_
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

# CLAIM I

Each defendant, by failing to provide electrical power constantly as ordered by plaintiff's doctor denied plaintiff decent and adequate medical care guaranteed by the Eighth Amendment of the U.S. Constitution's prohibition against cruel or unusual punishments.

Each defendant knew of plaintiff's suffering either by personally interviewing plaintiff or by plaintiff's official Inmate Appeal, or by plaintiff's American's with Disability Act Reasonable Accommodation Request, or by plaintiff's pleas for help in letters.

Each defendant's failing to act to help plaintiff constituted deliberate indifference to plaintiff's serious medical needs. Each defendant knew of plaintiff's doctor's explicit written orders.

Complaint 7

# CLAIM II

Each defendant, by failing to uphold the written orders of the Classification Committee to provide plaintiff with continuous electrical power for his prescribed CPAP machine violated plaintiff's rights to Due Process under the Fourteenth Amendment of the U.S. Constitution.

Plaintiff has a constitutionally protected liberty interest because the Classification Committee orders are binding and definitive, placing substantial limitations on official discretion.

Each defendant could have acted to instigate an investigation into why the Classification Committee ordered continuous power when the prison could not provide it, or could have caused a new Classification Committee to sit.

Each defendant knew of plaintiff's Classification Committee orders from letters or appeals by the plaintiff. Each left plaintiff to suffer.

Complaint 8

## CLAIM III

Each defendant failed to provide plaintiff a safe living condition when they each failed in the face of an obvious threat to plaintiff's current and future health and even to his life, to provide plaintiff or cause him to be provided with continuous electrical power in accordance with plaintiff's doctor's written orders. Each plaintiff violated plaintiff's rights under the Fourteenth Amendment of the U.S. Constitution.

Each defendant was aware of the threat power outages posed to plaintiff's current, future health and even to his life as each defendant processed plaintiff's American's With Disability Act Complaint, Inmate Appeal, interviewed plaintiff or wrote and received letters to/from plaintiff.

Each defendant showed deliberate indifference to plaintiff's serious medical needs.

Complaint 9

## II  Inmate Appeals

Plaintiff filed a CDCR-1824 Americans with Disabilities Act complaint seeking accommodation; plaintiff asked for either continuous electrical power or a battery for his CPAP machine (it can be powered by battery). The ADA Reasonable Accommodation Panel denied plaintiff's complaint.

Plaintiff filed the required CDCR-602 Inmate Appeal which was denied at all levels of review. (Denied by CDCR Headquarters on March 19, 2019).

In neither complaint did prison staff ever dispute plaintiff's assertions that his doctors ordered continuous electrical power and that Classification Committee confirmed those orders in [their own] documented orders.

Complaint  10

# OVERVIEW

Because the acts, or inactions, of the defendants amount to different violations of plaintiff's rights, plaintiff presents an overview of the case, for clarity.

Plaintiff is a 63-year old male prisoner who suffers from several serious medical conditions which leave him totally disabled. These include: Chronic Obstructive Pulmonary Disease (COPD, now assessed to be "STAGE 3"), severe bronchiectasis (damage to airways), and Aspergilliosis (chronic colonization by fungi).

Plaintiff also suffers from sleep apnea, and must possess and be able to use a Continuous Positive Airway Pressure (CPAP) Machine.

OVERVIEW 1          Complaint 11

Plaintiff's doctors have prescribed this CPAP machine as the only treatment for plaintiff's sleep apnea and the machine provides adequate relief from the symptoms.

Plaintiff's doctors have also issued to ALL STAFF medical orders that plaintiff must have ACCESS to continuous electrical power for the CPAP machine.

Plaintiff's case has been reviewed by Classification Committees repeatedly since his arrival at MCSP. Each committee has verified and approved the doctor's written orders for continuous electrical power.

The defendants then house plaintiff in a building that does not have continuous power

OVERVIEW 2                                Complaint 12

Plaintiff complained verbally to the officers in his building of power outages which deprive him of the use of his CPAP machine. The officers made snide remarks, laughed at plaintiff's plight, and refused to help.

When the power goes out and plaintiff is wearing the CPAP mask, sleeping, plaintiff awakens with chest pains like a heart attack due to his unconsciously, suddenly, gasping for air. The mask has no air in it, thus plaintiff's lungs and airways are over-exerted and pain erupts into plaintiff's consciousness. Plaintiff also experiences "nightmares", where he was suffocating or drowning, just as he wakes up.

With each such event Plaintiff experiences terror and is afraid to lay down — but he cannot stay awake any longer And eventually lapses back to sleep with no CPAP mask on and then stops breathing — Again — And this continues until plaintiff is so hurt and pyschologically upset And afraid for his life that he can stay awake And upright for the duration.

Due to plaintiff's severe lung disease, he tires easily And usually needs to nap once or twice per day, each requiring the CPAP. Plaintiff cannot even recline without the CPAP on or he stops breathing. Plaintiff uses the CPAP to recuperate after exertions like walking to the clinic or making his bed.

Overview 4                                   Complaint 4

Plaintiff filed an American's with Disabilities Act complaint since breathing is one of life's "major activities" covered by the ADA. His request that the prison obey his doctor's and Classification Committee's orders for continuous power, or a backup battery, were denied.

Plaintiff filed a CDCR-602 Inmate Appeal. The Appeal was denied at all levels of review! (Highest Level of Review completed 3-19-19). Plaintiff began a campaign of writing to prison staff, telling them he was afraid for his life and afraid for his health. Plaintiff fully advised each staff member of his suffering and his efforts to seek relief from Appeals. The power outages continue to hurt plaintiff.

Overview 5                    Complaint 15

# ABOUT SLEEP APNEA

Sleep apnea is a well-recognized condition, being listed in manuals which categorize diseases as the International Classification of Diseases (ICD-9) and the psychiatrist's more specialized Diagnostic Services Manual Version 5 (DSM-5).

"The definition of sleep apnea, in Stedman's Medical Dictionary 114 (26th Ed., 1995), is; "a condition that restricts one's breathing while sleeping causing drowsiness and involuntary sleep during the day. Sleep apnea is a serious medically determinable condition which if not diagnosed and treated can kill."

As quoted in CHILDRESS V. COLVIN, 845 F. 3d 789 (2016)

Complaint (Information) 16