UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2: 19-cv-0658 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's May 2, 2019 motion for emergency injunctive relief. (ECF No. 10.) For the reasons stated herein, plaintiff's motion for emergency injunctive relief should be denied.

Legal Standard

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65. "Injunctive relief is an extraordinary remedy and it will not be granted absent a showing of probable success on the merits and the possibility of irreparable injury should it not be granted." Shelton v. Nat'l Collegiate Athletic Assoc., 539 F.2d

1

1197, 1199 (9th Cir. 1976). "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." Estes v. Gaston, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); see also Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).

This court must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. Winter v. N.R.D.C., 555 U.S. 7, 20 (2008); Stanley v. Univ. of S. Californa, 13 F.3d 1313, 1319 (9th Cir. 1994); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).

Discussion

On May 1, 2019, the undersigned dismissed plaintiff's complaint with leave to amend. (ECF No. 7.) On May 2, 2019, plaintiff filed the pending motion. (ECF No. 10.) On May 8, 2019, the undersigned directed Supervising Deputy Attorney General Monica Anderson to file a response to the pending motion. (ECF No. 11.) On May 13, 2019, plaintiff filed an amended complaint. (ECF No. 13.) On May 15, 2019, the Office of the Attorney General filed a response to the pending motion. (ECF No. 14.) The undersigned separately ordered service of the amended complaint. (ECF Nos. 17, 21.)

In the pending motion, plaintiff alleges that he is housed at Mule Creek State Prison ("MCSP"). Plaintiff alleges that he uses a CPAP machine due to sleep apnea. Plaintiff alleges that doctors have ordered that he have access to continuous electrical power for his CPAP machine. Plaintiff alleges that MCSP has experienced power outages which caused his CPAP machine to stop working while he was sleeping. In a health care request form attached to the motion, dated March 26, 2019, plaintiff writes that the power went out at 3:30 a.m. and he stopped breathing when his CPAP machine stopped working.

Attached to the motion is a memorandum informing inmates that MCSP will experience power interruptions from Friday April 12, 2019, through Monday April 15, 2019. Plaintiff

alleges that this memorandum does not contain information regarding accommodations for inmates, like plaintiff, who require access to continuous power. In the pending motion plaintiff requests that defendants be ordered to provide him with continuous power for his CPAP machine.

In the May 15, 2019 response to plaintiff's pending motion, the Office of the Attorney General provided the declaration of MCSP Litigation Coordinator J. Austin. (ECF No. 14.) In relevant part, J. Austin states that the Office of the Attorney General asked him to confirm whether plaintiff's housing unit experienced any power disruptions between April 12, 2019, to April 15, 2019; whether there were any upcoming maintenance sessions that would cause further power disruptions to plaintiff's housing unit; and whether plaintiff had access to electrical outlets in his cell.

J. Austin states that plaintiff's housing unit is a dormitory-style cell that plaintiff shares with five other inmates. (Id. at 2.) Twelve electrical outlets are in the cell, each inmate is assigned two electrical outlets next to their bed, and all twelve outlets are in working condition. (Id.)

J. Austin states that Correctional Plan Supervisor A. Orta informed him that between April 12, 2019, and April 15, 2019, plaintiff's dormitory experienced brief power outages due to scheduled maintenance. (Id.) On each of those four days, electrical power for plaintiff's dormitory was shut down for approximately twenty minutes at 0600 hours (6 a.m.), and for another twenty minutes at 1900 hours (7 p.m.). (Id.) Orta informed J. Austin that plaintiff's dormitory currently has electrical power and that there are no other power outages currently scheduled for plaintiff's dormitory. (Id.)

After reviewing J. Austin's declaration, the undersigned finds that plaintiff has not shown that he is likely to suffer irreparable injury if preliminary relief is not granted. According to J. Austin, there are not power outages currently scheduled for plaintiff's dormitory. The power outages that occurred in plaintiff's dormitory between April 12, 2019, and April 15, 2019 occurred during times that it is unlikely plaintiff would be sleeping, i.e., using his CPAP machine. J. Austin states that the electrical outset in plaintiff's dormitory are in working order.

////

While plaintiff claims that his CPAP machine stopped working at 3:30 a.m. on or around March 26, 2019, the declaration of J. Austin demonstrates that it is unlikely that plaintiff's dormitory will experience power outages in the near future at times that plaintiff is sleeping. Because it is not likely that plaintiff will suffer an irreparable injury if the court does not grant injunctive relief, plaintiff's motion for emergency injunctive relief should be denied. However, if plaintiff's dormitory experiences further power outages at times plaintiff is sleeping, plaintiff shall notify the court.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for emergency injunctive relief (ECF No. 10) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 2, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ocon658.tro