UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR, | No. 2: 19-cv-0658 KJM KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for emergency injunctive relief. (ECF No. 10.) For the reasons stated herein, the undersigned recommends that this motion be denied.

This action proceeds on the first amended complaint against defendants Brockenborough, Boyd, Holmes, Lizarraga, Manning and Weiss. (ECF No. 13.) All defendants are located at Mule Creek State Prison ("MCSP"). Plaintiff alleges that he suffers from sleep apnea. (Id. at 9.) Plaintiff alleges that he uses a CPAP machine for his sleep apnea. (Id. at 10.) Plaintiff alleges that defendants violated his Eighth Amendment right to adequate medical care by failing to provide him with continuous power for his CPAP machine. (Id.)

////

| | |
|---|---|
| 1 | In the pending motion for injunctive relief, plaintiff requests that the court order |
| 2 | defendants to provide him with continuous power for his CPAP machine. (ECF No. 10.) |
| 3 | Plaintiff filed this motion when he was housed at MCSP. (Id.) |
| 4 | On July 3, 2019, the undersigned recommended that plaintiff's motion for injunctive relief |
| 5 | be denied because it was not likely that plaintiff would suffer irreparable injury if the court did |
| 6 | not grant his request for injunctive relief. (ECF No. 23.) On July 17, 2019, plaintiff filed |
| 7 | objections to the findings and recommendations. (ECF No. 25). On August 27, 2019, the |
| 8 | Honorable Kimberly J. Mueller referred this matter back to the undersigned for further |
| 9 | consideration. (ECF No. 28.) |
| 10 | On August 9, 2019, plaintiff filed a notice of change of address indicating that he is now |
| 11 | housed at the California Health Care Facility ("CHCF") in Stockton, California. (ECF No. 26.) |
| 12 | When an inmate seeks injunctive or declaratory relief concerning the prison where he is |
| 13 | incarcerated, his claims for such relief become moot when he is no longer subjected to those |
| 14 | conditions. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, |
| 15 | 1368-69 (9th Cir. 1995). Accordingly, plaintiff's motion for injunctive relief should be denied as |
| 16 | moot. |
| 17 | Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive |
| 18 | relief (ECF No. 10) be denied as moot. |
| 19 | These findings and recommendations are submitted to the United States District Judge |
| 20 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days |
| 21 | after being served with these findings and recommendations, any party may file written |
| 22 | objections with the court and serve a copy on all parties. Such a document should be captioned |
| 23 | "Objections to Magistrate Judge's Findings and Recommendations." Any response to the |
| 24 | objections shall be filed and served within fourteen days after service of the objections. The |
| 25 | parties are advised that failure to file objections within the specified time may waive the right to |
| 26 | //// |
| 27 | //// |
| 28 | //// |

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 31, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Oconn658.pi(2)