UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR, | No. 2: 19-cv-0658 KJM KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and (1). For the reasons stated herein, the undersigned recommends that defendants' motion be granted.

Legal Standard for 12(b)(6) Motion

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013). Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

Plaintiff's Claims

This action proceeds on the amended complaint as to defendants Brockenborough, Boyd, Holmes, Lizarraga, Manning and Weiss. (ECF No. 13.) All defendants are located at Mule Creek State Prison ("MCSP"), where plaintiff was housed when he filed this action. (Id.) Plaintiff alleges that he suffers from sleep apnea. (Id. at 9.) Plaintiff alleges that he uses a CPAP

2

machine to treat his sleep apnea. (Id. at 10.) Plaintiff alleges that all defendants denied his request for continuous power for his CPAP machine in violation of the Eighth and Fourteenth Amendments. Plaintiff seeks money damages and injunctive relief in the form of an order directing defendant Lizarraga, the MCSP Warden, to provide him with continuous power.

Motion to Dismiss Fourteenth Amendment Claims

Plaintiff argues that defendants' alleged failure to provide him with continuous power violates both the Eighth and Fourteenth Amendments. Defendants move to dismiss plaintiff's Fourteenth Amendment claim on the grounds that claims by convicted prisoners, like plaintiff, challenging conditions of confinement are properly brought under the Eighth Amendment, whereas claims by pretrial detainees, challenging conditions of confinement, are properly brought under the Fourteenth Amendment.

Defendants are correct. See Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987) (The Eighth Amendment's cruel and unusual standard applies to convicted prisoners; the "more protective [F]ourteenth A[]mendment" applies to claims raised by detainees who have not been convicted.").

In his opposition to defendants' motion, plaintiff appears to argue that he is raising a procedural, as opposed to substantive, due process claim. (ECF No. 34.) Plaintiff argues that defendants failed to conduct a classification hearing, as required by regulation, after receiving the medical chrono stating that he required continuous power for his CPAP machine. Plaintiff argues that he would have been transferred away from MCSP had defendants conducted a classification committee hearing. Plaintiff argues that defendants' failure to follow the regulations requiring them to conduct the classification committee hearing violated his right to due process. Plaintiff also argues that defendants' failure to obey classification committee orders related to his need for continuous power for his CPAP machine violated his right to due process.[1]

////

---

[1] In the amended complaint, plaintiff argued that defendants' failure to uphold the written orders of the classification committee verifying the doctor's orders that plaintiff have continuous power and defendants' failure to order a new classification committee violated his due process rights. (ECF No. 13 at 10-22.)

3

For the following reasons, the undersigned finds that plaintiff has not stated a potentially colorable procedural due process claim.

To determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the court must look to the particular restrictions imposed and ask whether they "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 486 (1995).

Plaintiff appears to allege that he had a liberty interest in proper medical care and that he was deprived of such care without due process. However, plaintiff's constitutional protection against inadequate medical care arises under the Cruel and Unusual Punishment Clause of the Eighth Amendment, not the guarantee of procedural due process contained in the Fourteenth Amendment. See O'Brien v. Hacker-Agnew, 2017 WL 11429445, at * 7 (D. Ariz. 2017) (plaintiff's claim that he had a liberty interest in proper medical care subsumed by his Eighth Amendment claim); see Crowley v. Nevada, 2010 WL 4608258, at *4 (D. Nev. 2010) (dismissing procedural due process claim because prisoner's medical care claim arose under the Eighth Amendment, not as a matter of procedural due process); Arrellano v. Hodge, 2016 WL 3924010, at *2 (S.D. Cal. 2016) (citing Williams v. Allen, 2006 WL 3499924, at *3 (D. Ariz. 2006) (a claim that defendants failed to provide a state prisoner with adequate medical care is asserted as an Eighth Amendment claim, and not as regarding procedural due process).

For the reasons discussed above, the undersigned recommends that defendants' motion to dismiss plaintiff's procedural and substantive due process claims be granted.

Motion to Dismiss Official Capacity Claim Against Defendant Lizarraga

Plaintiff sues defendant Lizarraga in his individual capacity for damages and in his official capacity for injunctive relief. (ECF No. 13 at 8.) Defendant Lizarraga is the only defendant against whom plaintiff seeks injunctive relief.

Defendants move to dismiss plaintiff's official capacity claim against defendant Lizarraga on the grounds that plaintiff does not allege the existence of a state custom or policy that led to the alleged violation of his Eighth Amendment rights.

////

4

A state official sued in his or her official capacity generally is not a "person" subject to suit under Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). An official capacity suit is a suit against the official's office, and as such, is actually a claim against the state itself. Id.; Kentucky v. Graham, 473 U.S. 159, 166 (1985). The Eleventh Amendment prohibits federal jurisdiction over claims against a state unless the state consents or Congress has abrogated its immunity. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). California has not consented to suits under Section 1983 in federal court, and the Supreme Court has held that Section 1983 does not abrogate Eleventh Amendment immunity. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985), superseded by statute on other grounds.

"In an injunctive or declaratory action grounded on federal law, the State's immunity can be overcome by naming state officials as defendants." Graham, 473 U.S. at 169 n.18 (citing Pennhurst, 465 U.S. 89; Ex Parte Young, 209 U.S. 123, (1908)); see also Green v. Mansour, 474 U.S. 64, 68 (1985) ("[T]he Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law."). Because the government entity and not the named official is the "real party in interest" in an official capacity suit, "the entity's policy or custom must have played a part in the violation of federal law." Hafer v. Melo, 502 U.S. 21, 25 (1991) (quotations omitted). "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation… Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citations omitted).

Defendants argue that plaintiff does not allege the existence of a state policy or custom that led to the alleged deprivation of his Eighth Amendment rights and does not allege any facts showing that defendant Lizarraga acted pursuant to a state policy or custom. The undersigned agrees with defendants that the amended complaint contains no allegations that defendant Lizarraga acted pursuant to a state policy or custom when he allegedly denied plaintiff's request

for continuous power for his CPAP machine.

In his opposition, plaintiff argues that he has stated a potentially colorable official capacity claim against defendant Lizarraga because "he alleged in his complaint that Warden Lizarraga should have never accepted plaintiff's placement at MCSP, since he knew the prison suffered from power outages. That's policy or custom." (ECF No. 34 at 8.)

As correctly observed by defendants in the reply to the opposition, plaintiff's amended complaint does not allege that defendant Lizarraga should not have accepted plaintiff's placement at MCSP because he knew the prison suffered from outages. However, more importantly, plaintiff's allegations in his opposition do not demonstrate that defendant Lizarraga acted pursuant to a state policy or custom. Plaintiff does not allege that defendant Lizarraga accepted plaintiff at MCSP despite knowing of the prison's power outages because he was following some state policy or custom that directed him to do so.

For the reasons discussed above, the undersigned recommends that defendants' motion to dismiss the official capacity claim against defendant Lizarraga be granted.

Motion to Dismiss Plaintiff's Claim for Injunctive Relief as Moot

Defendants move, under Federal Rule of Civil Procedure 12(b)(1), to dismiss plaintiff's claims for injunctive relief as moot because plaintiff is no longer housed at MCSP. On August 9, 2019, plaintiff filed a notice of change of address indicating that he is now housed at the California Correctional Health Care Facility ("CCHCF") in Stockton, California. (ECF No. 26.)

When an inmate is released from prison or transferred to another prison and there is neither a reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claims for injunctive relief should be dismissed as moot. Dilley v. Gunn, 64 F.3d 1365, 1368–69 (9th Cir. 1995).

In his opposition, plaintiff argues that he could be transferred back to MCSP at any time. (ECF No. 34 at 11.) Plaintiff argues that he has been transferred to MCSP three times during his incarceration. (Id.) Plaintiff lists his transfers (from memory) as San Quentin--California Medical Facility ("CMF")--San Quentin--CMF--California Men's Colony ("CMC") East—Folsom--CMC East—Folsom—MCSP--San Quentin—MCSP—Soledad—Solano—Corcoran--

Pleasant Valley-- CMC-East-- Valley State—MCSP—Susanville-- CHCF.  (Id.)

The Supreme Court has recognized an exception to the general rule of mootness in cases that are "capable of repetition, yet evading review." Murphy v. Hunt, 455 U.S. 478, 481 (1982). In Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam), the Supreme Court stated that "in the absence of a class action, the 'capable of repetition, yet evading review' doctrine was limited to the situation where two elements combined:  (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there was a reasonable expectation that the same complaining party would be subject to the same action again."

While plaintiff has allegedly been housed at MCSP more than once, he has also been housed at several other prisons more than once.  The mere possibility that plaintiff will be transferred back to MCSP is not sufficient to demonstrate a "reasonable expectation or demonstrated probability" of transfer such that his claim is not moot.  Murphy v. Hunt, 455 U.S. at 482 ("The Court has never held that a mere physical or theoretical possibility was sufficient to satisfy the test stated in Weinstein."); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986) (claim for injunctive relief moot after plaintiff transferred to different prison); Wiggins v. Rushen, 760 F.2d 1009, 1011 (9th Cir. 1985) (possibility of transfer back to prison where claims arose not sufficient to overcome mootness).

Accordingly, the undersigned recommends that defendants' motion to dismiss plaintiff's injunctive relief claims as moot be granted.

Conclusion

If the district court adopts these findings and recommendations, this action shall proceed on plaintiff's Eighth Amendment claim for damages against defendants Brockenborough, Boyd, Holmes, Lizarraga, Manning and Weiss.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 30) be granted; defendants be ordered to file an answer to plaintiff's Eighth Amendment claims raised in the amended complaint within twenty-one days of the adoption of these findings and recommendations.

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 31, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ocon658.mtd