UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | No. 2: 19-cv-0658 KJM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel (ECF No. 77) and plaintiff's motion to enlarge the record (ECF No. 78), construed as a supplemental motion to compel. (ECF No. 84.) For the reasons stated herein, plaintiff's motion to compel and supplemental motion to compel are denied.

<u>Plaintiff's Claims</u>

To put the pending motions in context, the undersigned herein describes plaintiff's claims.

This action proceeds on plaintiff's amended complaint, filed May 13, 2019, on plaintiff's Eighth Amendment claim for damages against defendants Brockenborough, Boyd, Holmes, Lizarraga, Manning and Weiss. (ECF No. 13.) All defendants are located at Mule Creek State Prison ("MCSP"), where plaintiff was housed when he filed this action.

Plaintiff alleges that he suffers from sleep apnea. (Id. at 9.) Plaintiff alleges that he uses a CPAP machine to treat his sleep apnea. (Id. at 10.) Plaintiff alleges that all defendants denied his request for continuous power for his CPAP machine. (Id.)

Legal Standard for Motion to Compel

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1.

Motion to Compel (ECF No. 77)

*Request for Admissions*

Plaintiff first argues that defendant Brockenborough failed to respond to the request for admissions. (ECF No. 77 at 1.) In the opposition, defendants contend that they timely served plaintiff with defendant Brockenborough's response to plaintiff's request for admissions. (ECF No. 83 at 2.) In the reply, plaintiff concedes that he received defendant Brockenborough's response to his request for admissions. (ECF No. 86 at 1.) Accordingly, this matter is deemed resolved.

2

*Request for Production of Documents*

Plaintiff generally argues that defendant' response to his request for production of documents was "incomplete and much of it was irrelevant." (ECF No. 77 at 1.) However, plaintiff specifically addresses only defendants' response to request for production of documents no. 1. (Id. at 3-8.)

Plaintiff's general objections that defendants failed to adequately respond to his request for production of documents does not meet his burden in demonstrating why defendants' objections and responses were inadequate. Accordingly, the undersigned herein addresses only defendants' response to request for production no. 1.

Request no. 1 sought copies of any documents issued or maintained by MCSP regarding power outages. (Id. at 11.) "These could be memos, directives, alerts, notices, work orders, 'Huddle notes' (medical)." (Id.)

Defendants responded,

> Objection. This request is vague as to timeframe. This request is vague and ambiguous as to the phrase "regarding power outages." This request is vague and ambiguous as to the term "Huddle notes." This request is overly broad, unduly burdensome, and potentially encompasses documents that are not relevant to any claims or defenses in this case. As written, this request potentially encompasses documents that do not concern plaintiff's claims and that fall outside the period when plaintiff was housed at Mule Creek State Prison. Without waiving these objections, defendants produce documents that are potentially responsive to this request (Bates Nos. DEF-001 to DEF-089.) Defendants continue to search for additional responsive documents and will amend this response upon identifying them.

(Id.)

In the motion to compel, plaintiff argues that the Huddle notes were requested because it is likely that the nursing/medical staff discussed how the power outages interfered with patient care, etc. (Id. at 3.) Plaintiff clarifies that nursing staff and doctors meet in a daily "huddle" for which notes are kept. (Id.) Plaintiff then argues that the documents defendants produced in response to request no. 1 are irrelevant. (Id. at 4.) Plaintiff describes the documents defendants provided in DEF-001 to DEF-006, DEF-007 to DEF-037, DEF-038 to DEF-050, DEF-052 to DEF-053, DEF-054 to DEF-061, DEF-062 to DEF-063, DEF-064 to DEF-084, DEF-085-087 and

DEF-090. (Id. at 4-7.) Plaintiff does not address these documents other than describing them as "irrelevant." (Id.) Plaintiff requests that the court order defendants to provide him with documents that may exist "from prison-design to plant operations maintenance department, redacted as necessary for security, and relevant to plaintiff's claims for the years 2016-2019 at Mule Creek State Prison's Infill Complex (Facilities D & E only)." (Id. at 8.)

In the opposition, defendants argue that plaintiff did not meet his burden of explaining why defendants' response to request no. 1 was deficient. (ECF No. 83 at 4.) Defendants observe that plaintiff did not explain why each of defendants' objections lack merit. (Id.) Defendants also observe that in contrast to the motion to compel, plaintiff's request no. 1 did not specifically demand production of documents related to Mule Creek State Prison's Facilities D & E; and it did not specifically demand the production of unspecified prison design records, power plant operations records, or maintenance records. (Id.) Instead, defendants contend that request no. 1 demanded the production of "any document maintained by MCSP regarding power outages." (Id.) Defendants argue that they cannot be compelled to produce documents that plaintiff did not request in his discovery request. (Id.)

In the opposition, defendants argue that plaintiff has not adequately explained why the documents discussed in the motion to compel, i.e., DEF-001 to DEF-006, DEF-007 to DEF-037, DEF-038 to DEF-050, DEF-052 to DEF-053, DEF-054 to DEF-061, DEF-062 to DEF-063, DEF-064 to DEF-084, DEF-085-087 and DEF-090, are not relevant. (Id.)

Defendants also contend that after conducting a diligent search, they produced all nonprivileged or non-confidential documents they were able to locate and were within their possession, custody or control. (Id.) Defendants contend that upon receiving plaintiff's request for production of documents, defense counsel contacted the MCSP Litigation Coordinator to request assistance with locating the documents that responded to plaintiff's request. (ECF No. 83-2 at 2.) In turn, the Litigation Coordinator contacted other staff members at MCSP, including medical staff and the Plant Operations Manager, to locate any potentially responsive documents related to planned and unplanned power outages. (ECF No. 83-1 at 2.) The Litigation Coordinator was unable to locate any medical "huddle notes," but obtained from the Plant

4

Operations Manager the records showing power outages on March 26, 2019, April 12-15, 2019, September 7, 2019, and September 14, 2019, which defendants produced to plaintiff. (Id.) The Litigation Coordinator was advised that the Plant Operations Manager did not have any other records related to planned or unplanned outages for any other dates. (Id.) The Litigation Coordinator was unable to locate other records of planned or unplanned power outages at the prison. (Id.)

In the motion to compel, defendants describe the documents identified by plaintiff as "irrelevant" in the motion to compel. DEF-001-006 included plaintiff's administrative grievance package, regarding an electrical power outage that allegedly occurred on August 18, 2018. (ECF No. 77 at 17-22.) DEF-007 to DEF-037 included copies of policy records regarding Durable Medical Equipment, including CPAP machines. (Id. at 23-53.) DEF-038 to DEF-050 included a copy of MCSP's Operational Procedure for electrical emergencies. (Id. at 54-66.) DEF-052 to DEF-053 included copies of documents reflecting planned and unplanned power outages that occurred at MCSP on March 26, 2019, April 12 through April 15, 2019, September 7, 2019, and September 14, 2019. (Id. at 67-69.) DEF-054 to DEF-062 included copies of policy records related to the use of CPAP machines during sleep studies. (Id. at 70-80.) DEF-065 to DEF-082 included copies of policy records related to the medical classification system for inmates who require higher, continuous levels of medical care. (Id. at 81-98.) DEF-083 to DEF-087 included copies of policy records related to custody staff during electrical power failures. (Id. at 99-103.) DEF-088-089 included copies of plaintiff's accommodation request for uninterrupted electrical power beside his bed. (Id. at 104-05.) DEF-90 included a copy of plaintiff's housing assignment history, reflecting the period when he was housed at MCSP. (Id. at 106.)

In the reply, plaintiff alleges that in a summary judgment motion filed in a different case, defendants stated that Huddle Reports were available. (ECF No. 86 at 3.) Plaintiff also states that he is seeking logs about power outages, although "perhaps plaintiff was not clear enough in his motion to compel regarding these." (Id. at 3-4.) Plaintiff also argues that Plant Operations Logs must exist, in some form. (Id. at 5.)

////

The undersigned finds that request no. 1 is vague and ambiguous as to timeframe. The undersigned also finds that request no. 1 is overly broad, and potentially encompasses documents that are not relevant to claims or defenses in this case, also has merit. While some of the documents defendants provided in response to request no. 1 may not be particularly relevant to plaintiff's claims, several of the documents are more relevant.

The undersigned also agrees with defendants that in the motion to compel, plaintiff requests documents not specifically requested in request no. 1, i.e., documents related to the design of MCSP Prison's Infill Complex (Facilities D & E) for 2016-2019. The undersigned also finds that plaintiff did not specifically request the Power Logs he now identifies in the reply. Plaintiff cannot use the motion to compel to modify his original request for production of documents. Lopez v. Florez, 2013 WL 1151948, at *3 (E.D. Cal. March 19, 2013).

Regarding plaintiff's claim that Huddle Notes exist, the Litigation Coordinator states that he could not locate any medical Huddle Notes. The undersigned cannot order defendants to produce documents that do not exist.

Defendants made a good faith effort to respond to an overly broad and vague request for production of documents. No further response to request no. 1 is required. Plaintiff's motion to compel as to request no. 1 is denied.

Supplemental Motion to Compel (ECF No. 78)

In the supplemental motion to compel, plaintiff moves to compel further responses to request for production of documents nos. 1, 2, 3, 4, 5 and 8.

*Request No. 1*

Plaintiff makes further arguments in support of his request no. 1. The undersigned above thoroughly addressed plaintiff's motion to compel with respect to request no. 1. In allowing plaintiff to file a supplemental motion to compel, the undersigned did not intend to allow plaintiff to file a second motion to compel as to request no. 1. Accordingly, the undersigned will not further address the supplemental motion to compel as it pertains to request no. 1.

////

////

*Request No. 2*

Request no. 2 stated,

> Please produce a copy of any correspondence from Plaintiff, or [redacted for security] any other prisoner at MCSP which mentions electrical power needs for any kind of medical appliance. (Correspondence to you, specifically, but if you are aware of correspondence to other staff, please document that person's identity.)

(ECF No. 77 at 11.)

Defendants responded,

> Objection. This request is vague and ambiguous as to timeframe. This request is vague and ambiguous about the phrase "electrical power needs for any kind of electrical appliance" and the term "correspondence." This request is overly broad, unduly burdensome, and potentially encompasses documents that are not relevant to any claims or defenses in this case. As written, this request potentially encompasses documents that do not concern plaintiff's claims and that fall outside the period when plaintiff was housed at Mule Creek State Prison. As written, this request potentially encompasses documents concerning medical appliances besides Continuous Airway Path (CPAP) machines. This request potentially seeks the production of confidential medical information of other prisoners and other confidential documents in violation of Civil Code section 1798.24 and California Code of Regulations, Title 15, section 3321. Without waiving these objections, and after reasonable search and diligent inquiry, defendants have been unable to locate any correspondence in their possession, custody or control from plaintiff to the defendants regarding his electrical power needs for his CPAP machine. Defendants continue to search for responsive documents and will amend this response upon identifying them.

(Id. at 11-12.)

In the supplemental motion to compel, plaintiff describes defendants' objections to request no. 2 as "blanket objections." (ECF No. 78 at 6.) Plaintiff argues that the fact that he wrote letters to high-ranking prison staff "leads a reasonable person to conclude" that other prisoners may have, as well. (Id. at 7.) Plaintiff argues that copies of "these letters, health care requests, inmate grievances or ADA Accommodation requests could establish repeated staff refusals indicative of deliberate indifference." (Id.)

////

In the opposition, defendants argue that plaintiff failed to address their objections. (ECF No. 93 at 9.) Defendants argue that their objections have merit. (Id.)

The undersigned finds that request no. 2 is vague and ambiguous as to timeframe because the request provides no timeframe to narrow defendants' search for documents. The undersigned also finds that the term "correspondence" is vague and ambiguous. In addition, request no. 2 seeks information regarding "medical appliances," and is not limited to CPAP machines. For this reason, request no. 2 is overly broad in that it seeks information not relevant to this action. To the extent plaintiff seeks correspondence between himself and defendants regarding his electrical power needs for his CPAP machine, defendants cannot locate any responsive documents. The undersigned cannot order defendants to produce documents that cannot be found after a diligent search. For these reasons, the motion to compel as to request no. 2 is denied.[1]

*Request No. 3*

Request no. 3 stated,

> Please produce any document which describes how power outages hurt the prison, prisoner and staff, and what proposed remedies have ever been discussed or implemented.

(ECF No. 77 at 12.)

Defendants responded,

> Objection. This request is vague and ambiguous as to timeframe. This request is vague and ambiguous about the phrase "hurt the prison, prisoners and staff." This request is overly broad, unduly burdensome and potentially encompasses documents that are not relevant to any claims or defenses in this case. As written, this request potentially encompasses documents that do not concern plaintiff's claims and that fall outside the period when plaintiff was housed at Mule Creek State Prison. This request potentially seeks the production of confidential medical information of other prisoners and other confidential documents in violation of Civil Code section 1798.24 and California Code of Regulations, Title 15, section 3321. It also potentially requests the production of confidential information about prison operations and cannot be disclosed because of safety and security concerns. Without waiving these objections, defendants produce documents that are potentially responsive to this request (Bates Nos. DEF-001-DEFF006, DEF-038 to DEF-050, DEF-084 to

---

[1] Because the motion to compel is denied on the grounds set forth above, the undersigned need not consider the other objections raised by defendants.

8

DEF087.) Defendants continue to search for additional responsive documents.

(Id.)

In the supplemental motion to compel, plaintiff argues that request no. 3 seeks relevant information. (ECF No. 78 at 8-9.) Plaintiff argues that "it takes no great intelligent study nor precise wording to understand that power outages [already delineated in so many documents] hurt the prison, the staff and prisoners." (Id. at 8.) Plaintiff argues that, "there may be teletypes wherein the prison urgently communicated with headquarters the sudden loss of power; emails may be sent to and fro outlining staff's awareness of harm done to prisoner's programs, including the provision of medical care." (Id. at 8-9.) Plaintiff alleges Dr. Bzoski documented his efforts to communicate with custody staff his concerns that plaintiff was harmed by power outages. (Id.)

In the opposition, defendants argue that plaintiff has not met his burden of explaining why their response to request no. 3 was deficient. (ECF No. 93 at 12.) Defendants contend that plaintiff addressed only their objection regarding the vague and ambiguous phrase "hurt prisoners and staff." (Id.) Plaintiff responded by specifying the categories of documents he seeks, i.e., teletypes and emails. (Id.) Defendants argue that plaintiff did not specifically request these types of records. (Id.) Defendants also argue that plaintiff's supplemental motion to compel fails to adequately explain why the documents produced in response to request no. 3 were not responsive. (Id. at 13.)

The undersigned finds that request no. 3 is vague because it contains no timeframe. The undersigned also finds that request no. 3 is vague and ambiguous, as well as overbroad, as to the phrase "hurt the prison, prisoners and staff." Power outages have the potential to cause problems for prisons, prisoners and staff that are unrelated to plaintiff's use of his CPAP machine. To the extent plaintiff modifies request no. 3 in the supplemental motion to compel to seek teletypes and emails, plaintiff may not "utilize the present motion to compel [to] modify his original request for production." Lopez v. Flores, 2013 WL 1151948, at *3. For these reasons, the motion to compel as to request no. 3 is denied.[2]

---

[2] Because the motion to compel is denied on the grounds set forth above, the undersigned need

9

*Request No. 4*

Request no. 4 stated,

> Please produce a redacted copy of any Inmate Appeal filed by a prisoner at MCSP during the timeframe specified which mentions power outages (Plaintiff excluded) (2016-2019).

(ECF No. 77 at 12-13.)

Defendants responded,

> Objection. This request is vague and ambiguous as to timeframe. This request is overly broad, unduly burdensome, and potentially encompasses documents that are not relevant to any claims or defenses in this case. As written, this request potentially encompasses documents that do not concern plaintiff's claims and that fall outside the period when plaintiff was housed at Mule Creek State Prison. This request potentially seeks the production of confidential medical information of other prisoners and other confidential documents in violation of Civil Code section 1798.24 and California Code of Regulations, Title 15, section 3321. Without waiving these objections, defendants produce documents that are potentially responsive to this request (Bates No. DEF-001 to DEF-006.) Defendants continue to search for additional responsive documents and will amend this response upon identifying them.

(Id. at 13.)

In the supplemental motion to compel, plaintiff argues that it is highly likely that other inmates filed grievances. (ECF No. 78 at 10.) Plaintiff argues that these documents could show staff "turning 'a blind eye' to the wide-spread, continuing threat of harm plaintiff faced." (Id.)

In the opposition, defendants argue that plaintiff has not met his burden of demonstrating why defendants' response to request no. 4 was deficient. (ECF No. 93 at 14.) Defendants contend that plaintiff does not explain why their objections lack merit. (Id.) Defendants argue that their objections were properly made. (Id.) Defendants also observe that in response to request no. 4, they produced a copy of plaintiff's relevant administrative grievance package regarding an electrical outage that allegedly occurred on August 18, 2018. (Id.)

It is not clear to the undersigned that request no. 4 is vague and ambiguous as to timeframe as it is limited to 2016-2019. However, the undersigned finds that request no. 4 is

---

not consider the other objections raised by defendants.

10

overly broad in that it potentially covers documents unrelated to plaintiff's claims. Not every grievance filed by any inmate during 2016-2016 that mentions power outages is relevant to the claims raised in this action. On these grounds, the motion to compel as to request no. 4 is denied.[3]

*Request No. 5*

Request No. 5 stated,

> Please produce a copy of any correspondence with outside agencies, Pacific, Gas & Electric, Prison Law Office, the State Legislature, the Office of the Inspector General, or any person who has written to the CDCR of MCSP with questions or concerns about power outages, for the years 2016 through 2019.

(ECF No. 77 at 13.)

Defendants responded,

> Objection. This request is overly broad, unduly burdensome, and potentially encompasses documents that are not relevant to any claims or defenses in this case. As written, this request potentially encompasses documents that do not concern plaintiff's claims and that fall outside the period when plaintiff was housed at Mule Creek State Prison. This request potentially seeks the production of confidential medical information of other prisoners and other confidential documents in violation of Civil Code section 1798.24 California Code of Regulations, Title 15, section 3321. Without waiving these objections, and after reasonable search and diligent inquiry, defendants have been unable to locate any correspondence in their possession, custody or control between MCSP staff and the entities listed in the request. Defendants continue to search for responsive documents and will amend this response upon identifying them.

(Id.)

In the supplemental motion to compel, plaintiff alleges that he complained to the Prison Law Office about power outages. (ECF No. 78 at 10.) Plaintiff alleges that the Prison Law Office informed him that they brought up his concerns with prison staff. (Id.) Based on these allegations, plaintiff appears to challenge defendants' claim that they cannot locate any correspondence between MCSP staff and the entities listed in the request.

In the opposition, defendants argue that plaintiff's supplemental motion fails to address

---

[3] Because the motion to compel is denied on the grounds set forth above, the undersigned need not consider the other objections raised by defendants.

11

their objections to request no. 5.  (ECF No. 93 at 16.)  Defendants also state that in response to this request, defense counsel contacted the Litigation Coordinator to request assistance with locating the documents that responded to each of plaintiff's requests.  (See ECF No. 83-1 at 1-2.)  The Litigation Coordinator conducted a search and did not locate any documents in response to request no. 5.  (Id.)  Defendants contend that while plaintiff speculates that such correspondence with the Prison Law Office exists, plaintiff has not provided evidence showing that defendants are in possession, custody or control of such documents.  (ECF No. 93 at 16.)

Based on the declaration of the Litigation Coordinator that the documents requested in request no. 5 cannot be located, plaintiff's motion to compel as to request no. 5 is denied.  The undersigned cannot order defendants to produce documents that are not in their possession, custody or control.[4]

*Request No. 8*

Request no. 8 stated,

> Please provide any documents such as staff meeting or Inmate Advisory Council meeting minutes which relate to power outages.

(ECF No. 77 at 14.)

Defendants responded,

> Objection.  The request is vague and ambiguous as to timeframe.  This request is overly broad, unduly burdensome, and potentially encompasses documents that are not relevant to any claims or defenses in this case.  As written, this request potentially encompasses any documents that relate to power outages, the vast majority of which do not concern plaintiff's claims and fall outside the period when plaintiff was housed at Mule Creek State Prison.  It also potentially encompasses confidential documents related to prison operations and cannot be disclosed because of safety concerns.  Without waiving these objections, and after reasonable search and diligent inquiry, defendants have been unable to locate any staff meeting minutes or Inmate Advisory Council meeting minutes in their possession, custody or control related to power outages at Mule Creek State Prison.  Defendants continue to search for additional responsive documents and will amend this response upon identifying them.

---

[4] Because the motion to compel is denied on the grounds set forth above, the undersigned need not consider the other objections raised by defendants.

12

(Id.)

In the supplemental motion to compel, plaintiff disputes defendants' claim that defendants cannot locate any staff meeting minutes or Inmate Advisory Council meeting minutes related to power outages at MCSP. (ECF No. 78 at 11.) Plaintiff contends that having been employed as a Clerk for high-ranking prison staff, and having duties related to document management, storage, etc., "it is incredible that MCSP Infill Complex staff meetings did not record the power outages which brought the entire prison to a stop, threatened public and staff/prisoner safety, etc." (Id.) Plaintiff argues that it is incredible that the Inmate Advisory Council, who regularly complained "of just about everything," would not have documented their receipt of complaints from fellow prisoners about power outages. (Id. at 12.)

Plaintiff also argues that Unit Logbooks and Daily Activity Reports, prepared by staff, must also have documented power outages. (Id. at 13-16.) Plaintiff also argues that the MCSP Maintenance Department must have documents regarding power outages. (Id. at 17.)

In the opposition, defendants argue that plaintiff's request no. 8 did not request Unit Logbooks, Daily Activity Reports or maintenance records related to power outages. (ECF No. 93 at 17.) Citing Lopez v. Flores, supra, defendants argue that plaintiff should not be allowed to "utilize the present motion to compel to modify his original request for production." (Id.)

In the opposition, defendants also argue that plaintiff's supplemental motion to compel fails to meet his burden of explaining why their objections to request no. 8 lack merit. (Id. at 18.) Defendants also argue that while plaintiff speculates that the documents sought in request no. 8 exist, he provides no evidence showing that these documents exist at MCSP or that they are in defendants' possession, custody or control. (Id.)

The undersigned finds that request no. 8 is vague as to timeframe. Plaintiff's request for "any documents" related to power outages is also vague and overbroad. While plaintiff disputes defendants' claim that they cannot locate any staff meeting minutes or Inmate Advisory Council meeting minutes related to power outages at Mule Creek State Prison, plaintiff provides no actual evidence of the existence of these documents. To the extent plaintiff requests specific documents in the supplemental motion to compel, such as Unit Logbooks and Daily Activity Reports,

plaintiff may not "utilize the present motion to compel [to] modify his original request for production. Lopez v. Flores, 2013 WL 1151948, at *3. For these reasons, the motion to compel as request no. 8 is denied.

Plaintiff's Motion to Enlarge the Record and for Appointment of a Special Master (ECF No. 85)

Plaintiff requests that the court appoint a special master to search for documents that defendants claim do not exist. In particular, plaintiff requests that a special master be appointed to search for Unit Logbooks and Huddle Notes. Plaintiff requests that the record be enlarged to include these documents once they are found.

The undersigned finds that appointment of a special master to search for these documents is neither warranted nor appropriate. Accordingly, plaintiff's motion for enlarge the record and for appointment of a special master is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 77) is denied;
2. Plaintiff's motion to enlarge the record (ECF No. 78), construed as a supplemental motion to compel, is denied;
3. Plaintiff's motion to enlarge the record and for appointment of a special master (ECF No. 85) is denied.
4. Dispositive motions are due within thirty days of the date of this order.

Dated: September 13, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ocon658.com(2)