UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR, | No. 2:19-cv-0658 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for appointment of counsel or, in the alternative, dismissal with prejudice. (ECF No. 104.) For the reasons stated herein, plaintiff's motion for appointment of counsel is denied. Plaintiff is granted thirty days to file an opposition to defendants' summary judgment motion.

In the pending motion, plaintiff contends that he has tried about ten times to work on his opposition to defendants' summary judgment motion. (Id. at 1.) Plaintiff alleges that he is too physically ill to prepare his opposition. (Id.) Plaintiff alleges that within minutes of spreading the massive motion on the floor, he becomes overwhelmed by symptoms of diseases he suffers from and puts the motion away. (Id. at 1-2.) Plaintiff alleges that he is too ill to fight such a complex and massive motion. (Id. at 2.) Plaintiff alleges that he suffers from uncontrolled

asthma, emphysema, severe bronchiectasis, Meniere's disease and Cushing's disease. (Id. at 3.) Plaintiff alleges that most of the time he is confined to his bed, cannot see or think clearly, loses concentration and cannot recall easily. (Id.) Plaintiff states that if the court does not appoint counsel then this action must be dismissed. (Id.)

Plaintiff alleges that on December 3, 2021, he was seen by his physician and complained of near-constant vertigo. (Id. at 5.) Plaintiff alleges that the doctor stated that plaintiff has not been correctly diagnosed and that he suffers from "vertiginous migraines." (Id.) Plaintiff also alleges that the doctor is seeking an immediate consultation with a neurologist. (Id. at 5-6.) Plaintiff alleges that every once in a while he is well enough to go to the law library to type a document (such as his current pleading), but he can never tell when an attack may happen. (Id.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

While the undersigned is sympathetic to plaintiff's health problems, the undersigned finds that they do not constitute exceptional circumstances warranting appointment of counsel. It appears that plaintiff has suffered from most of the health problems for some time. Plaintiff filed this action in 2019 and has competently litigated it since. The undersigned observes that on April 1, 2021, plaintiff filed a 109 pages long motion to compel (including exhibits), demonstrating his ability to conduct discovery. (ECF No. 77.) On September 3, 2021, plaintiff filed a nine pages

long typed reply to defendants' opposition to his supplemental motion to compel. (ECF No. 94.)

In considering plaintiff's request for appointment of counsel, the undersigned has also reviewed defendants' summary judgment motion. In this action, plaintiff alleges that he uses a CPAP machine to treat his sleep apnea. Plaintiff alleges that defendants denied his request for continuous power for his CPAP machine. In the summary judgment motion, defendants argue that plaintiff failed to exhaust administrative remedies. Defendants also move for summary judgment on the merits of plaintiff's claim. Defendants argue that plaintiff did not face a serious risk of harm from not using his CPAP machine on any day when his housing unit experienced a power outage. Defendants also argue that they did not act with deliberate indifference to a substantial risk of serious harm related to power outages.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel is denied. Plaintiff is granted thirty days to file an opposition to defendants' summary judgment motion. If plaintiff does not file an opposition within that time, the undersigned will consider plaintiff's request to voluntarily dismiss this action with prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 104) is denied;
2. Plaintiff is granted thirty days from the date of this order to file an opposition to defendants' summary judgment motion.

Dated: January 3, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ocon0658.31